Antonas Vajeverchas
vs.
Suzana Szarko     }No.55214

March 18, 1926.

SUMNER, J. Plaintiff has brought suit to recover for services claimed to have been rendered at the express request of the defendant in a saloon formerly conducted by her husband. The jury returned a verdict for the plaintiff in the sum of $1000 and defendant has filed her motion for a new trial.

The plaintiff claims that in May, 1919, he received a telegram, signed by the Rhode Island Hospital, saying that his "brother Edward" was in a

critical condition; that he came to Providence from Connecticut, found Edward Szarko, the husband of the defendant, had been shot and had died shorty after; that Edward was conducting a saloon on Charles street at the time of his death and that the defendant widow begged the plaintiff to take charge of the saloon and said she would pay him what he had been receiving as a well digger, fifty cents an hour or $4.50 a day, and would not charge him for his board; that he took charge of the saloon and worked there for over two years; that when, over two years later, he asked the defendant for the money due him, she refused to pay him.

The defendant denies making any agreement with the plaintiff. She says that on the death of her husband, Archie Joslin was appointed custodian; that he put Albin Szarko in charge and Albin ran the saloon until July 1st, when it was closed; that she was appointed administratrix June 13th and was only responsible for the place until August 6th, when she sold it to Albin Szarko, whom she married a few weeks afterwards. She further says that plaintiff was her cousin and not her brother; that he merely helped around the saloon, washed glasses, dusted, did other things, and had no regular hours; that she gave him spending money and board and in July asked him how much he wanted, and he said he would be satisfied with $200, and they went to the Providence Institution for Savings on July 28th, and she opened a deposit there in his name with $200 which she gave him.

Defendant is corroborated by her present husband, Albin Szarko, a cousin of her former husband. He testified that he took charge of the saloon originally under the direction of Philip C. Joslin, continued in charge while Mr. Archie Joslin was the custodian, also after Mrs. Szarko was appointed administratrix on June 13, 1919, and that he conducted it for the estate till July 1, when prohibition came into force; that on August 6, 1919, he bought the fixtures of the saloon from the estate for $250, opened it again in the following December and ran it until October 27, 1921, when sold out. He knew nothing of the details of the plaintiff's employment but said that the plaintiff and another man worked there until July 1; that after he opened the saloon for himself in December, the plaintiff helped him out nights, for which he paid him $10 a week.

The plaintiff offered two witnesses in corroboration but neither of them impressed the Court as telling the truth. The plaintiff was an unsatisfactory witness. He contradicted himself, told a number of things that were manifestly not true, and his whole story was improbable. That defendant should agree to pay him $4.50 a day, or $1000 in a lump sum, to take charge of the saloon at a time when the custodian was running the place and employing two clerks, is highly improbable. Plaintiff says that he worked over two years, beginning May 8, 1919; that he worked there a year before prohibition (which, of course, is not true). When confronted with the fact that he had worked for the American Screw Company for a year of this time, he changed his testimony and said he worked nights during that period. He admits that two other men were working in the saloon at the same time. The amount of his claim is uncertain. On the basis of $4.50 a day, the amount would be over $2000. He says he wants pay for 20 months but only asks for $1000. He admits that the defendant told him (some time after prohibition went into effect) that she had sold the saloon to Albin and said: "You will have to work for him." It may be noted that the bill of particulars fixes the amount of his claim at $1500.

Plaintiff admits that he received $200 on July 28th but says that the widow was paying him that amount for money that he had loaned the previous Easter to her husband, without any memorandum, and says that although she did not know the amount of the loan he made to her husband, she repaid him the $200 months before she was legally required to do so as administratrix.

The plaintiff has not sustained his case and the Court accordingly grants the defendant's motion for a new trial.

For plaintiff: Joseph W. Grimes.

For defendant: Philip C. Joslin.